# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2024 ND 28

In the Matter of the Application for

Disciplinary Action Against David R.

Spencer,a person admitted to the Bar of

the State of North Dakota

----------

Disciplinary Board of the Supreme Court

of the State of North Dakota,

      v.

David R. Spencer

### No. 20240012

Application for disciplinary action

SUSPENSION ORDERED.

Per Curiam.

# Disciplinary Board v. Spencer
## No. 20240012

**Per Curiam**

[¶1]   The Supreme Court has before it a report from a hearing panel of the disciplinary board recommending David R. Spencer be suspended from the practice of law in North Dakota for 90 days, be placed on probation for two-years following the suspension, and pay $250 in costs and expenses of the disciplinary proceeding.  We adopt the hearing panel's findings and conclusions but order a sanction of a 30-day suspension.

[¶2]   Spencer was admitted to practice law in North Dakota on September 26, 2014, and he has been licensed since that time.

[¶3]   Assistant Disciplinary Counsel filed an affidavit outlining unsuccessful efforts to serve Spencer.  Therefore, service in these matters was made on the Clerk of the Supreme Court under Admission to Practice R. 1.  Spencer failed to answer the petition and Disciplinary Counsel moved for default.  Spencer is in default and the charges in the petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2).

[¶4]   On January 2, 2024, the hearing panel filed default findings of fact, conclusions of law, and recommendations for discipline.  On January 25, 2023, Spencer appeared at the Ward County Courthouse to go through security prior to making an appearance for a change of plea hearing.  While going through security, the court security officer observed the odor of alcohol on Spencer.  The officer's observation was shared with an Assistant State's Attorney, who also personally observed the odor on Spencer.  The Assistant State's Attorney confronted Spencer and they both agreed to continue the change of plea until the following day.  On January 26, 2023, the same court security officer observed the odor of alcohol on Spencer and reported it to the State's Attorney's Office.  That morning, a different State's Attorney also observed the odor of alcohol coming from Spencer.  In chambers on January 26, 2023, Spencer was asked if he wanted to have a test conducted or to sign an affidavit that he was

not under the influence, but Spencer declined. The change of plea hearing was continued to the afternoon of January 26, 2023.

[¶5] The hearing panel concluded Spencer's conduct violated N.D.R. Prof. Conduct 8.4 by attempting to violate Rule 1.1 regarding competence by showing up to represent a client while under the influence of alcohol and causing the repeated need for the matter to be rescheduled.

[¶6] The hearing panel considered aggravating factors of prior disciplinary offenses, a pattern of misconduct, and selfish motive. The hearing panel recommended Spencer be suspended from the practice of law in North Dakota for 90 days, be placed on probation with conditions for two years following the suspension, and pay $250 in costs and expenses of the disciplinary proceeding.

[¶7] The hearing panel's report was served on the Clerk of the Supreme Court and Disciplinary Counsel on January 8, 2024, and forwarded to the Supreme Court. Objections were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶8] The Court adopts the hearing panel's findings and conclusions. It concludes a 90-day suspension is not an appropriate sanction. Instead, it orders a 30-day suspension.

[¶9] IT IS ORDERED that as outlined above, the findings of fact, conclusions of law, and recommendations by the hearing panel are adopted.

[¶10] IT IS FURTHER ORDERED that David R. Spencer is SUSPENDED from the practice of law for 30 days, effective February 12, 2024.

[¶11] IT IS FURTHER ORDERED that Spencer be placed on probation for a two-year period following the suspension with the following conditions:

1. Spencer is required to undergo a mental health evaluation within 30 days of this order to determine the appropriate course and cost of treatment and monitoring by RecoveryTrek, the costs and expenses of which are to be paid by Spencer.

2. Spencer continue meeting with a mental health professional at a frequency determined by the mental health professional to address any mental health and substance abuse issues, the costs and expenses of which are to be paid by Spencer.

3. Spencer attend weekly sobriety support meetings, which will be monitored by RecoveryTrek.

4. Spencer submit quarterly self-monitoring reports to the Office of Disciplinary Counsel addressing compliance with the terms of probation.

[¶12] IT IS FURTHER ORDERED that in the event of a failure to participate or comply with the monitoring program, RecoveryTrek is required to report to the Office of Disciplinary Counsel how Spencer has failed to participate or comply with the terms of his probation.

[¶13] IT IS FURTHER ORDERD that Spencer is required to participate and comply with the Lawyer Assistance Program.

[¶14] IT IS FURTHER ORDERED that Spencer pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Bismarck, North Dakota 58505-0530, within 30 days of entry of judgment.

[¶15] IT IS FURTHER ORDERED that Spencer comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶16] IT IS FURTHER ORDERED that reinstatement is governed by N.D.R. Lawyer Discipl. 4.5(B).

[¶17] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

4