# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2024 ND 225

In the Matter of the Application for
Disciplinary Action Against David R.
Spencer, a person admitted to the Bar of
the State of North Dakota,

----------

Disciplinary Board of the Supreme Court
of the State of North Dakota,                                    Petitioner

     v.

David R. Spencer,                                                       Respondent

### No. 20240012

Application for disciplinary action.

SUSPENSION ORDERED.

Per Curiam.

[¶1] The Supreme Court has before it a report from a hearing panel of the disciplinary board recommending David R. Spencer be suspended from the practice of law in North Dakota for 30 days and pay $250 in costs and expenses of the disciplinary proceeding. We adopt the hearing panel's findings and recommended sanctions and order him suspended.

[¶2]   Spencer was admitted to practice law in North Dakota on September 26, 2014.

[¶3]   Effective February 12, 2024, Spencer was suspended for 30 days with conditions. *Disciplinary Bd. v. Spencer*, 2024 ND 28, 3 N.W.3d 122.

[¶4]   On March 14, 2024, Disciplinary Counsel moved for an order to show cause based on Spencer's alleged failure to comply with the conditions imposed in February 2024. On April 4, 2024, we remanded the matter to a panel of the disciplinary board for hearing and recommendation. On May 14, 2024, a panel of the disciplinary board conducted a hearing on the Motion to Show Cause.

[¶5]   On August 19, 2024, the panel issued findings of fact, conclusions of law and recommendations. The panel concluded Spencer failed to comply with the conditions imposed on February 12, 2024, most significantly that he did not timely obtain a mental health evaluation, that he did not timely establish a monitoring program, and that his lack of compliance with the conditions warranted imposition of discipline under Rule 1.3(8), N.D.R. Lawyer Discipl. The panel recommended:

> That Spencer provide disciplinary counsel proof within 30 days that the monitoring program has been established;
>
> That if Spencer does not submit proof the monitoring program has been established within 30 days, the hearing panel recommended Spencer be suspended an additional 30 days or until the proof has been submitted, whichever is latest;
>
> That Spencer be assessed $250.00 in costs and expenses and be ordered to pay that amount within 30 days.

2

[¶6] On September 4, 2024, the hearing panel's report was served on the Clerk of the Supreme Court and Disciplinary Counsel, and forwarded to the Supreme Court. Objections were due within 20 days of service of the report. No objections were received, and the matter was submitted to the Court for consideration.

[¶7] IT IS ORDERED that as outlined above, the findings of fact, conclusions of law, and recommendations by the hearing panel are adopted.

[¶8] IT IS FURTHER ORDERED that David R. Spencer is SUSPENDED from the practice of law for 30 days, effective December 12, 2024.

[¶9] IT IS FURTHER ORDERED that Spencer provide proof to Disciplinary Counsel that the monitoring program through RecoveryTech has been established within 30 days of this order.

[¶10] IT IS FURTHER ORDERED that if Spencer does not submit proof to Disciplinary Counsel regarding the RecoveryTech monitoring program within 30 days, upon certification to this Court by Disciplinary Counsel of that fact, with notice to Spencer but without further proceedings, Spencer will be suspended an additional 30 days or until the proof has been submitted, whichever is latest.

[¶11] IT IS FURTHER ORDERED that Spencer's probation condition as provided for in *Disciplinary Bd. v. Spencer*, 2024 ND 28, 3 N.W.3d 122 remains in effect.

[¶12] IT IS FURTHER ORDERED that Spencer pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Bismarck, North Dakota 58505-0530, within 30 days of entry of judgment.

[¶13] IT IS FURTHER ORDERED that Spencer comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶14] IT IS FURTHER ORDERED that reinstatement is governed by N.D.R Lawyer Discipl. 4.5(B).

[¶15]  Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

4